UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| EMILY ANNE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-CV-158-JEM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 16]. Now before the Court is Plaintiff's Brief in Support of a Social Security Appeal [Doc. 14]. Emily Anne Brooks ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner of Social Security ("Commissioner"). For the reasons set forth below, the Court will sustain Plaintiff's statement of error, vacate the Commissioner's decision, and remand the case to the Commissioner for proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

I.  PROCEDURAL HISTORY

On October 15, 2019, Plaintiff filed for Disability Insurance Benefits [Tr. 408–09] and Supplemental Security Income [*id.* at 412–16] pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, 1381 *et seq.* Plaintiff initially claimed a period of disability that began on December 31, 2014 [*id.* at 408, 412] but amended her alleged onset date to be April 1, 2017 [*id.* at 561]. After her claims were denied initially [*id.* at 225–31] and upon reconsideration [*id.* at 238–41], Plaintiff requested a hearing before an ALJ [*id.* at 245–46]. A hearing was held on April 16,

2020, before ALJ Michael Brownfield (hereinafter "ALJ Brownfield" or "the ALJ"); Plaintiff and a vocational expert ("VE"), Sharon Cornett, testified [*Id.* at 110–47]. A second hearing was held before the ALJ on November 6, 2020, after the record had been more fully developed and in order to hear testimony from two medical experts, Dr. Jeffrey Andert and Dr. Irvin Belzer [*Id.* at 60–89]. A third hearing was held before the ALJ on August 25, 2021, in order to hear testimony from one of Plaintiff's doctors, Dr. Deborah Poteet-Johnson as well as another VE, John Yent [*Id.* at 90–109]. On November 3, 2021, ALJ Brownfield found Plaintiff not disabled [*Id.* at 8–51]. Plaintiff asked the Appeals Council to review the ALJ's decision [*Id.* at 405–07]. The Appeals Council denied Plaintiff's request for review [*id.* at 1–7], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on December 23, 2022, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. The parties have filed opposing briefs, and this matter is now ripe for adjudication [Docs. 14, 23, 24].

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or

whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520I, 416.920(a)(4), 416.920I. RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

3

Here, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
2. The claimant has not engaged in substantial gainful activity since April 1, 2017, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
3. The claimant has the following severe impairments: depressive disorder, bipolar disorder; anxiety disorder/unspecific anxiety disorder; substance abuse disorder; polycystic ovarian syndrome (PCOS); scoliosis; and headache disorder (20 CFR 404.1520(c) and 416.920(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the ability to lift/carry 20 pounds occasionally and 10 frequently; sit 6 hours of an 8-hour day; stand and/or walk 6 of 8 hours; except she cannot sit, stand or walk more than one hour continuously without change in postural position, remaining on task at all times; no more than frequent postural activities; can perform simple, routine job tasks which do not require contact with the general public and no more than occasional contact with co-workers and supervisors, and precluded from jobs that would require one to be responsible for the safety and welfare of others.
6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).
7. The claimant was born on February 21, 1988 and was 26 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).
9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

4

Case 2:22-cv-00158-JEM   Document 25   Filed 03/06/24   Page 4 of 13   PageID #: 1919

[Tr. 14–42].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court Interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining

5

whether an ALJ's findings are supported by substantial evidence, the Court does not try the case *de novo*, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. ANALYSIS

Plaintiff raises one issue on appeal: that the ALJ failed to evaluate and explain the opinion of David Caye, M.S. ("Psychologist Caye"), for supportability and consistency as required by the Social Security Regulations [Doc. 14]. Plaintiff maintains that the ALJ's failure to adequately consider Psychologist Caye's opinion led to the "omission of pertinent restrictions [which] has resulted in a mental RFC that is not supported by substantial evidence" [*Id.* at 11].[1]

---

[1] As part of Plaintiffs argument regarding the ALJ's analysis of the supportability of Psychologist Caye's opinion, Plaintiff contends that the ALJ impermissibly implied that Psychologist Caye found Plaintiff to be untruthful [Doc. 14 pp. 12–14]. The ALJ's opinion states:

6

The Commissioner maintains that the ALJ found Psychologist Caye's opinion was consistent with his own findings, which applies the supportability factor despite the use of the word "consistent" as it refers to support from within the medical opinion as opposed to the similarities with other medical opinions [Doc. 23 p. 5]. Additionally, the Commissioner argues, the ALJ addressed the consistency factor by determining Psychologist Caye's opinion was not consistent with the record as a whole [*Id.* at 5–7].

For the reasons explained below, the Court finds that the ALJ failed to evaluate the persuasiveness of Psychologist Caye's opinion for supportability and consistency and that this error was not harmless.

A. **Persuasiveness of Psychologist Caye's Opinion**

The ALJ must "evaluate the persuasiveness of [the] medical opinions and prior administrative medical findings" using five factors: (1) the supportability and (2) consistency of the opinions or findings, the medical source's (3) relationship with the claimant and (4) specialization, as well as (5) other factors such as the "medical source's familiarity with the other evidence in a claim" and their "understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(a), (c). Of these five factors, "[t]he most important . . . are supportability and consistency." *Id.* § 404.1520c(a), (b)(2). "For these two factors, the ALJ is required to 'articulate how [they] considered the medical opinions and prior administrative medical findings' and specifically 'explain how [they] considered the supportability

---

"Mr. Caye noted the [Plaintiff] reported and displayed significant dramatization of symptoms, although she did not show clear evidence of fabrication or malingering" [Tr. 40]. The Court finds this is consistent with Psychologist Caye's own report, which stated "[Plaintiff] did appear to be putting forth the situation with magnification of symptoms that were coming from the characterological disorder as opposed to an intentional attempt to manipulate this examiner" [*Id.* at 1216]. The Court does not find that the ALJ was "implying" anything beyond what Psychologist Caye's opinion stated. Regardless, the Court is remanding this action on other grounds.

7

and consistency factors' in 'determin[ing] how persuasive [they] find a medical source's medical opinions or administrative medical findings to be.'" *Sparks v. Kijakazi*, No. 2:21-CV-102-DCP, 2022 WL 4546346, at *6 (E.D. Tenn. Sept. 28, 2022) (quoting 20 C.F.R. § 404.1520c(a), (b)(2)).

While "the Sixth Circuit has not elucidated a specific standard to determine whether an ALJ sufficiently complied with the [articulation] requirement," *Gavre v. Comm'r of Soc. Sec.*, No. 3:20-CV-00551-DJH-CHL, 2022 WL 1134293, at *4 (W.D. Ky. Jan. 3, 2022), "[d]istrict courts applying the new regulations both within this circuit and throughout the country consistently apply the articulation requirement literally," *id.* (citations omitted), by requiring the ALJ to "provide a coherent explanation of [their] reasoning," *White v. Comm'r of Soc. Sec.*, No. 1:20-CV-00588-JDG, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021), "clearly explain [their] consideration of the opinions and identify the evidence supporting [their] conclusions," *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), and otherwise "'explain how [they] considered the supportability and consistency factors' as to each medical opinion," *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (citations omitted). In other words, the ALJ must "build an accurate and logical bridge between the evidence and [the ALJ's] conclusion." *Todd v. Comm'r of Soc. Sec.*, No. 3:20-cv-1374, 2021 WL 2535580, at *8 (N.D. Ohio June 3, 2021) (citing *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)), *report and recommendation adopted*, No. 3:20 CV 1374, 2021 WL 2530846 (N.D. Ohio June 21, 2021).

After summarizing Psychologist Caye's findings earlier in the decision [Tr. 27], the ALJ analyzed his opinion:

> In a March 2019 consultative examination, Mr. Caye noted the claimant reported and displayed significant dramatization of symptoms, although she did not show clear evidence of fabrication or malingering. He informally assessed low average intellectual functioning, and expressed the opinion

> that the claimant had mild restrictions completing simple work tasks, moderate limitations with complex tasks, but marked restrictions in social interactions, adaptation and problem-solving skills, but concluded she could manage funds. The claimant's presentation was noticeably different at the disability examination than in most treatment settings. Whereas the CE's opinion appears consistent with his contemporaneous findings, it is inconsistent with the record as a whole. Exhibit 11F. The prior CE expressed the opinion that the claimant had no more than moderate limitations, which appears consistent with the evidence but its remoteness in time precludes finding it fully persuasive. Exhibit 3F.

[*Id.* at 40].

As to the consistency factor, § 404.1520c(c)(2) states, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2). The ALJ found that Psychologist Caye's opinion "appears . . . inconsistent with the record as a whole" [Tr. 40]. Without explanation of how Psychologist Caye's opinion was inconsistent or what parts were inconsistent, the ALJ's explanation of the consistency factor is inadequate. Such cursory language is insufficient, as it was in *Sparks*: "[T]he ALJ states only that [Psychologist Caye's] 'opinion[] is generally consistent with . . . the longitudinal record.' The ALJ, again, fails to cite what portions of the record are consistent with [Psychologist Caye's] opinion, or what specific limitations within [Psychologist Caye's] opinion are consistent with the record." 2022 WL 4546346, at *10 (omission in original) (citations omitted).

As to the supportability factor, § 404.1520c(c)(1) states, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). ALJ Brownfield noted in his opinion that Psychologist Caye's opinion "appears consistent with his contemporaneous findings" [Tr. 40]. While the ALJ referenced Psychologist Caye's "contemporaneous findings," he did not cite specific evidence from his examination. *See*

9

*Sparks*, 2022 WL 4546346, at *10 (finding the ALJ did not address the supportability factor because "he does not specifically cite to any of this evidence"). "The 'fail[ure] to specifically cite to any examination findings or other evidence in the medical record' precludes this Court from being able to adequately review the ALJ's decision and renders the ALJ's explanation of the supportability factor inadequate." *Id.* (quoting *King v. Kijakazi*, No. 1:20-CV-196-TAV-HBG, 2021 WL 3520695, at *7 (E.D. Tenn. July 21, 2021), *report and recommendation adopted sub nom. King v. Comm'r of Soc. Sec.*, No. 1:20-CV-196-TAV-HBG, 2021 WL 3516659 (E.D. Tenn. Aug. 10, 2021)). To the extent the ALJ may have intended his statement that Plaintiff's "presentation was noticeably different at the disability examination than in most treatment settings" to address supportability, he does not indicate what is different about Plaintiff's presentation [Tr. 40]. Further, the ALJ does not address how this difference makes Psychologist Caye's opinion more or less relevant. *See* 20 C.F.R. § 414.1520c.

Further, Plaintiff states in her brief that the "ALJ addressed the persuasiveness of Dr. Caye's opinion, but the discussion does not satisfy the regulations" [Doc. 14 p. 12]. The Court agrees that the ALJ did not follow the regulations for the reasons described above as well as because he omitted a conclusion as to the persuasiveness of Psychologist Caye's opinion [*See* Tr. 40]. *See Sparks*, 2022 WL 4546346, at *8 ("Without a clear conclusion from the ALJ as to how persuasive he found Dr. Chaudhuri's opinion to be, the Court is unable to ascertain whether the ALJ properly considered the supportability and consistency factors in reaching that conclusion." (citations omitted)). In contrast, the ALJ found the opinion of the prior consultative examiner, Psychologist Arthur Stair, III, less than fully persuasive [*See* Tr. 40 (finding the prior consultative examiner's opinion "appears consistent with the evidence but its remoteness in time precludes finding it fully persuasive" (citing to Exh. 3F))]. The ALJ therefore did not follow the

10

Case 2:22-cv-00158-JEM   Document 25   Filed 03/06/24   Page 10 of 13   PageID #: 1925

Social Security Regulations because he omitted a conclusion as to the persuasiveness of Psychologist Caye's opinion. Even if the ALJ had provided a conclusion about the persuasiveness of Psychologist Caye's opinion, the remaining record is still insufficient to satisfy the requirements of 20 C.F.R. § 414.1520c's articulation requirements.

### B. Harmless Error

Having found the ALJ's opinion did not comply with the regulations, the Court must decide whether this error is harmless or whether it requires remand. "Courts generally will excuse an ALJ's procedural violation as harmless error unless it prejudices the claimant on the merits or deprives him of substantial rights." *Lorraine R. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-00396, 2022 WL 4232839, at *4 (S.D. Ohio Sept. 14, 2022) (citing *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2007) (citation omitted)). "A court's ability to excuse a procedural error depends, however, upon the nature of the regulation and the importance of its procedural safeguard." *Id.* (citation omitted).

The Sixth Circuit has not addressed when, if ever, an ALJ's failure to analyze a medical opinion for supportability and consistency under 20 C.F.R. § 404.1520c(b)(2) can be excused harmless error. This Court, as well as several other district courts throughout the Sixth Circuit, have applied the harmless error test from *Wilson v. Commissioner of Social Security* as it was applied to the treating physician rule to violations of § 404.1520c(b)(2). *See Sparks*, 2022 WL 4546346, at *11 (discussing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004)); *Musolff v. Comm'r of Soc. Sec.*, Case No. 1:21-CV-1739, 2022 WL 1571864, at *13 (N.D. Ohio Apr. 27, 2022) (citing cases). "In *Wilson*, the Sixth Circuit provided examples of when an ALJ's failure to meet the procedural requirements for the treating physician rule may have been harmless, including when the ALJ committed 'a *de minimis* violation' or when the

11

Commissioner has met the goal and purposes of the regulations, even though she had not complied with the terms of the regulations." *Sparks*, 2022 WL 4546346, at *11 (quoting *Wilson*, 378 F.3d at 547) (footnote omitted).

The Court finds that the ALJ's error was not *de minimis*. Psychologist Caye concluded that Plaintiff is not restricted in "her ability to understand, concentrate, and recall on simple tasks" but is moderately restricted as to complex tasks [Tr. 1216]. He also found Plaintiff is markedly restricted in "[s]ocial interaction patterns with peers, co-workers, and supervisors" as well as her "[p]roblem solving skills and adaptation" [*Id.* at 1216–17]. The ALJ, however, did not include a limitation or explanation regarding Plaintiff's ability to adapt. The RFC states that Plaintiff "can perform simple, routine job tasks which do not require contact with the general public and no more than occasional contact with co-workers and supervisors, and precluded from jobs that would require one to be responsible for the safety and welfare of others" [*Id.* at 20]. "Whether Plaintiff has moderate or marked adaptation limitations affects the type of work [s]he is capable of performing and thus whether [s]he is considered disabled." *See Presley v. Astrue*, No. 2:11-CV-0103, 2012 WL 3231324, at *10 (M.D. Tenn. Aug. 3, 2012), *report and recommendation adopted as modified sub nom. Presley v. Colvin*, No. 2:11-CV-00103, 2013 WL 5204816 (M.D. Tenn. Sept. 16, 2013). The ALJ does not discuss Psychologist Caye's opinion that Plaintiff is markedly restricted in her ability to adapt and how this limitation affects or does not affect her ability to work. *See* SSR 96-8P, 1996 WL 374184, at *7 (S.S.A. July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Accordingly, the ALJ's error was not harmless.

To the extent the Commissioner argues that the ALJ's opinion is otherwise supported by substantial evidence, "error is not harmless because, without fuller explanation, this [C]ourt cannot

12

engage in meaningful review of the ALJ's decision[.]" *King*, 2021 WL 3520695, at *7 (first alteration in original) (quoting *Todd*, 2021 WL 2535580, at *8). "Rather, the decision must be remanded so that the ALJ may properly articulate these factors." *Sparks*, 2022 WL 4546346, at *12 (footnote omitted).

V.     **CONCLUSION**

For the reasons set forth above, the Court **SUSTAINS** Plaintiff's statement of error, **VACATES** the Commissioner's decision, and **REMANDS** the case to the Commissioner for proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER ACCORDINGLY.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge